**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARD ZISMAN, both individually and in his capacity as personal representative of the estate of Sylvia Zisman, and SUSAN EICHLER, in her capacity as attorney in fact for Leonard Zisman,**
                **Plaintiffs,**

**-vs-**                                                **Case No. 6:08-cv-1448-Orl-31DAB**

**DAVID E. LESHNER, both individually and in his capacity as trustee of the Sylvia Zisman Revocable Living Trust, the Sylvia Zisman Revocable Living Trust Number 2, the Leonard Zisman Trust created under the Sylvia Zisman Revocable Living Trust Number 2, the Leonard Zisman Texas Avenue Trust, and the Bonnie Zisman Robinson Revocable Trust; KATHRYN BUSCH; LPL FINANCIAL CORPORATION, a foreign corporation; GLOBAL PLANNING, INC, a foreign corporation; LUNA HENRIQUEZ; BERNARD FRIEDENBERG; THE ESTATE OF BONNIE ZISMAN ROBINSON; WEYMAN C. ROBINSON; and SEASHORE GARDENS d/b/a SEASHORE GARDENS LIVING CENTER IN NEW JERSEY, a foreign corporation,**
                **Defendants.**

_____

## ORDER

This case comes before the Court on the Motion to Dismiss the Third Amended Petition (Doc. 39) filed by Defendant David E. Leshner ("Leshner") and the response (Doc. 46) filed by the Plaintiffs.  The Court finds that additional briefing by the parties is required.

Leshner contends, *inter alia*, that this Court should dismiss this proceeding pursuant to Florida Statute § 736.0205, which provides in pertinent part that "[o]ver the objection of a party, the court shall not entertain proceedings under [Section] 736.0201 for a trust registered, or having its principal place of administration, in another state unless all interested parties could not be bound by litigation in the courts of the state where the trust is registered or has its principal place of administration."  Leshner asserts that the trusts at issue are Washington trusts, that he objects to this proceeding, and that all interested parties could be bound by a decision of a Washington court.  The Plaintiffs contest only the latter point.  Neither side presents any factual or legal support for their position as to the binding effect of a decision by a Washington court.

In addition, the Court notes a jurisdictional issue.  There are no federal claims at issue in this case, which was removed from state court on the basis of diversity jurisdiction.  After the case was removed, the Plaintiffs sought and were granted leave to file their Third Amended Petition, in part to join several trust beneficiaries as defendants.  (Leshner had argued that these other beneficiaries were indispensable parties to these proceedings.)  However, at least one of these newly added parties, Luna Henriquez, appears to be a resident of Florida, just like the Plaintiffs, thereby destroying diversity.

Accordingly, the Plaintiffs and Leshner are hereby

**ORDERED** to file additional briefs, not to exceed ten pages in length, providing factual and legal support for their positions as to whether this Court continues to possess subject matter jurisdiction over these proceedings and whether the decision of a Washington court would bind all parties to these proceedings. The parties shall file the briefs on or before January 5, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 19, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party